# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 98-3674EM

———————

Alfonso Reyes-Lechuga,                            *
                                                 *
              Appellant,                         *
                                                 *
       v.                                        *
                                                 *
                                                 *   On Appeal from the United
Janet Reno, as Attorney General of               *   States District Court
the United States; Doris Meissner,               *   for the Eastern District
as Commissioner of the Immigration               *   of Missouri.
and Naturalization Service; and                  *
Chester S. Moyer, as Eastern District            *
of Missouri Officer in Charge,                   *
Immigration and Naturalization Service,          *
                                                 *
              Appellees.                         *

———————

Submitted:  February 23, 1999
Filed:  July 19, 1999

———————

Before RICHARD S. ARNOLD,  FLOYD R. GIBSON and BRIGHT, Circuit Judges.

———————

RICHARD S. ARNOLD, Circuit Judge.


       Alphoso Reyes-Lechuga appeals from the dismissal of his petition under 28
U.S.C. § 2241 for a writ of habeas corpus.  Relying on Section 306(a) of the Illegal

Immigration Reform and Immigrant Responsibility Act of 1996, Pub L. No. 104-302, 110 Stat. 3009-546 (IIRIRA), which amended Section 242 of the Immigration and Nationality Act (INA), 8 U.S.C. § 1252(g), the District Court concluded that it lacked subject matter jurisdiction to review the Attorney General's decision to deny the petitioner discretionary relief under INA § 212(c), 8 U.S.C. § 1182(c). While this case was pending on appeal, the Supreme Court held that amended Section 242 does not refer to deportation orders, but instead only to certain separate and discrete actions in the deportation process which are not at issue here. Reno v. American-Arab Anti-Discrimination Committee, 119 S. Ct. 936, 943 (1999). Therefore, this section cannot serve as a basis for denying jurisdiction under 28 U.S.C. § 2241. Furthermore, this Court has recently held that habeas jurisdiction under 28 U.S.C. § 2241 has survived the enactment of IIRIRA and the Anti-Terrorism and Effective Death Penalty Act with respect to aliens governed by the transitional rules of IIRIRA. See Shah v. Reno, __ F.3d __, No. 98-2636 (July 1, 1999).

The judgment is reversed. The District Court has subject-matter jurisdiction under 28 U.S.C. § 2241. The case is remanded to the District Court with instructions to reconsider the petition in light of Shah v. Reno, __ F.3d __, No. 98-2636 (July 1, 1999).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.